**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HECTOR A. SANTOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-559-SDD-RLB** |
| **J.W. GRAND, INC.** | |

## ORDER

Before the Court is a Motion to Compel (R. Doc. 23) filed by Defendant J.W. Grand, Inc. ("J.W. Grand") on May 22, 2014. The time within which to submit any opposition to such motion has passed. Therefore, the Court considers the Motion to Compel unopposed.

## I.      Background

Plaintiff filed his "Complaint of Employment Discrimination and Retaliation" in the Eastern District of Louisiana on November 7, 2012. (R. Doc. 1). An order to transfer the case to the Middle District of Louisiana was docketed on August 26, 2013. (R. Doc. 14). The Complaint alleges that the plaintiff, Hector A. Santos, was subjected to racial discrimination during his employment at J.W. Grand due to Santos' race and national origin.

A scheduling order was issued on November 7, 2013. (R. Doc. 21). The parties represented to the court that initial disclosures had already been provided. (R. Doc. 19). In plaintiff's initial disclosures, he identifies "Trent Ayunte" and "Trevor Hawkins" as individuals "likely to have discoverable information which Plaintiff may use to support its claims or defenses." (R. Doc. 23-2 at 1, 3). A telephone number is provided for each individual as well as a brief description that these individuals both have "knowledge regarding Hector A. Santos employment at J.W. Grand, Inc." (Id. at 3).

J.W. Grand propounded Interrogatories upon plaintiff seeking the identity and contact information of certain individuals that, based on the content of the interrogatories, would have information relevant to the claims and defenses in this case. (R. Doc. 23-3).[1] In particular, Interrogatory No. 1 requests any individual whom the plaintiff intends to call as a trial witness and provide, among other things, his/her home and business address; Interrogatory No. 2 requests the identity of all individuals known "to have any relevant knowledge concerning your claims" against J. W. Grand; Interrogatory Nos. 3 and 4 request, among other things, the identity as well as "home and business address" and "home and business telephone" of any individual identified by plaintiff to the EEOC or Louisiana Commission on Human Rights as having witnessed actions that were discriminatory in nature or having provided information to the EEOC or Louisiana Commission on Human Rights on plaintiff's behalf.

The responses to these four Interrogatories do not identify either Mr. Ayunte or Mr. Hawkins in any manner.

On April 2, 2014, the plaintiff was deposed. (R. Doc. 23-8). In his deposition, plaintiff identifies Trevor Hawkins as an individual having "overheard the harassing statements" alleged in this matter. (R. Doc. 23-8 at 2-3). When asked about "Trent Iyenta,"[2] plaintiff states that he is "a black man about 55 or 60 years old who asked me why do you let this man treat you this way and make such improper comments and discriminate against you." (R. Doc. 23-8 at 4).

Despite being listed in the initial disclosures as well as specifically identified by the plaintiff as having witnessed or heard discriminating remarks directed toward the plaintiff,

---

[1] The timing of the Interrogatories and responses is not clear. The Motion to Compel states that J.W. Grand propounded its first set of discovery "on or about December 15, 2013." (R. Doc. 23-1 at 2). However, plaintiff's Answers to Interrogatories and Responses to Request for Production of Documents, attached as an exhibit to the Motion to Compel, are signed by plaintiff's counsel on December 15, 2013. (R. Doc. 23-3 at 10). Because there is no issue before the court regarding the timeliness of responses, the date of service and response is not relevant to resolving the Motion to Compel.
[2] Based on the context and representation in the Motion to Compel, it appears that the "Trent Iyenta" in the deposition transcript is the same "Trent Ayunte" from plaintiff's initial disclosures.

neither plaintiff nor his counsel have supplemented the interrogatory responses, particularly

Interrogatory Responses Nos. 1 or 2.[3]

Following the deposition, correspondence dated April 28, 2014 specifically requested the

addresses for Mr. Hawkins and Mr. Iyenta/Ayunte as contained in the initial disclosures and

responsive to Interrogatories Nos. 1-4.  In an emailed response dated April 29, 2014, counsel for

plaintiff indicates that his client does not have contact information for these individuals. (R. Doc.

23-7 at 1).

In the Motion to Compel, J.W. Grand asks the court to compel plaintiff to "adequately

respond" to the Interrogatories and/or supplement the initial disclosures with "the current

addresses of Trent Ayunte and Trevor Hawkins." (R. Doc. 23-1 at 11).  Should he fail to do so,

J.W. Grand requests that plaintiff be prohibited from introducing or soliciting their testimony at

trial.

## II.    **Law and Analysis**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires that "a party must, without

awaiting a discovery request, provide to the other parties…the name and, if known, the address

and telephone number of each individual likely to have discoverable information."  In its initial

disclosures, plaintiff identified both Mr. Ayunte and Mr. Hawkins as such individuals.  Based on

his testimony at his deposition, it appears that they were properly identified as such.

The initial disclosures did not, however, provide the address of either individual.

Consistent with the correspondence from counsel on April 29, 2014, this information is not

known to plaintiff.  While the Motion to Compel attaches a significant amount of

---

[3] There is nothing before the Court to indicate whether these two individuals were identified by plaintiff to the EEOC or Louisiana Commission on Human Rights as requested in Interrogatory No. 3 or that either provided information to the EEOC or Louisiana Commission on Human Rights as requested in Interrogatory No. 4.  If they were so identified or provided such information, they would be responsive to these Interrogatories as well.

correspondence requesting this information, the Court is not aware of plaintiff or his counsel representing that they have ever had this information.[4]  Plaintiff has not, however, submitted any response or opposition to the motion to compel and has made no representation to the court about his knowledge of this information.  Plaintiff is under a continuing duty to supplement discovery, including any disclosure under Rule 26(a). *See* Fed. R. Civ. P. 26(e)(1).  This supplementation is to be made "in a timely manner" or "as ordered by the court."  The court finds that the addresses of Mr. Ayunte and Mr. Hawkins are discoverable and, if known, should have been provided with plaintiff's initial disclosures.  Pursuant to Rule 26(e)(1), plaintiff is to supplement his initial disclosures with any known addresses and telephone numbers for these individuals.  This supplementation is to be provided by plaintiff's <u>counsel</u> no later than July 2, 2014.  If no additional information is known, plaintiff's counsel shall specifically provide a written representation of such to the defense.

Defendant also requests that the Court order plaintiff to supplement his interrogatory responses.  As with initial disclosures, a party who has responded to an interrogatory is likewise required to supplement his responses in a timely manner if the party learns in some material respect that the disclosure or response is incomplete or correct.  In his initial disclosures as well as in his deposition, the plaintiff has identified both Mr. Hawkins and Mr. Ayunte as direct witnesses to discriminatory conduct.  Plaintiff has not responded to the Motion to Compel and has provided no explanation as to why these individuals would not be responsive to Interrogatory

---

[4] In a March 25, 2014 email from defense counsel's office to plaintiff's counsel, there is an assertion that "[o]n February 25, 2014 your office indicated that you have the contact information for [Mr. Albert and Mr. Hawkins]." The Motion to Compel does not involve Mr. Albert and there is no mention in the email of any representation regarding Mr. Ayunte's contact information.  While the court is not certain the specific representation referred to on February 25, 2014, an email on that date from a legal assistant for plaintiff's counsel only indicates that they have contact information for Mr. Albert, not Mr. Hawkins or Mr. Ayunte. (R. Doc. 23-5 at 2).

No. 2 as "individuals known to you to have any relevant knowledge concerning your claims against Defendant."

Therefore, pursuant to Rule 26(e)(1) and in light of his testimony during his deposition, plaintiff is ordered to supplement his responses to Interrogatory Nos. 1-4 as appropriate. This supplementation is to be provided by plaintiff's <u>counsel</u> no later than July 2, 2014. If plaintiff's counsel asserts that no supplementation is required, plaintiff's counsel shall specifically provide a written representation of such to the defense.

Finally, the defendant asks that the Court prohibit plaintiff from introducing or soliciting the testimony of Mr. Ayunte and Mr. Hawkins if plaintiff fails to comply with any order to supplement its discovery responses. This requested prospective sanction is premature. Rule 37 provides for certain sanctions if a party fails to comply with a discovery related order. *See* Fed. R. Civ. P. 37(b) and (c). Those sanctions include, among other things, prohibiting a disobedient party from introducing designated matters into evidence. Should plaintiff fail to comply with this Order, defendant may seek appropriate sanctions at that time.

## III.     Conclusion

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 23) is **GRANTED IN PART AND DENIED IN PART.** Plaintiff shall supplement his initial disclosures and interrogatory responses as set forth above no later than **July 2, 2014**. Defendant's request for prospective sanctions is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 24, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**